UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CORRENIA J. PROFFIT,** *Individually and as Administratrix of the estate of* **Corbin Raie Hill and Shawn Hill,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**HIGHLANDS HOSPITAL CORPORATION,** *doing business as* **Highlands Regional Medical Center,** *et al.***,**<br><br>    **Defendants.** | CAUSE NO. 1:21-mc-00027-SLC |

## OPINION AND ORDER

Before the Court is a motion to quash filed by non-party the Medical Protective Company ("Medical Protective") on August 13, 2021, seeking to quash a subpoena *duces tecum* issued from the Eastern District of Kentucky in the case of *Proffit v. Highlands Hospital Corporation*, Civil Action No. 7:19-cv-0015 (E.D. Ky.), or in the alternative seeking entry of a protective order.  (ECF 1).  After the Court granted two unopposed motions for extensions (ECF 5 - ECF 8), Plaintiff filed a timely response on September 17, 2021 (ECF 9).  After another extension (ECF 10 - ECF 11), Medical Protective filed a timely reply (ECF 12).  Because the motion was filed in the wrong court, however, it will be DENIED WITHOUT PREJUDICE.

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a subpoena may command any person to whom it is directed to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. . . ."  However, pursuant to Rule 45(c)(2)(A), any such subpoena may only command production "within 100 miles of where that person resides . . . ."  Rule 45(d)(2)(B)(i) further provides that "[a]t any time

. . . the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

While "[t]he definition of the phrase 'where compliance is required' is unclear," *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *2 (C.D. Ill. July 7, 2017) (collecting cases), Medical Protective argues that because the subpoena commands production in Lexington, Kentucky (ECF 16 at 2), which is outside of the 100 miles radius authorized by Rule 45(c), this District where Medical Protective is located and where any production would be sent from must be the district where compliance is required (ECF 2 at 5).  This Court, however, and others within this District have interpreted the phrase to mean the place where delivery of the subpoenaed documents is required.  *See Agri-Labs Holdings, LLC v. TapLogic, LLC*, No. 1:15-cv-00026-RLM-SLC, 2015 WL 13655779, at *1 (N.D. Ind. Oct. 20, 2015) ("Because the subpoena directed Agri-Labs, Inc., to produce the subpoenaed documents in McCordsville, Indiana, which is in the Southern District of Indiana, this Court does not have authority to rule on the motion to quash."); *People's Bank, Inc. v. Reliable Fast Cash, LLC*, No. 2:16-CV-399-RL-JEM, 2018 WL 3928991, at *1 (N.D. Ind. July 5, 2018) ("The subpoena attached to Plaintiff's motion requires Exhibit Capital to produce certain documents at its office in Newark, New Jersey.  Therefore, any motion related to that subpoena must be made in the District of New Jersey."); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 3:11-cv-00268, 2014 WL 12780298, at *3 (N.D. Ind. Nov. 20, 2014) ("However, the instant motion to compel should have been filed in the Southern District of Indiana because the subpoena demanded production of documents in Indianapolis, Indiana.").  The district where compliance is required, therefore, is the Eastern District of Kentucky—where Lexington is located.  Accordingly, this Court does not have authority to grant the motion to quash.

Furthermore, "[a]lthough transfer of a motion to quash from the court where compliance is required to the issuing court is permitted under the rule in certain circumstances, any such transfer is not initiated by the issuing court." *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3935726, at *1 (D. Kan. June 26, 2015) (citing Fed. R. Civ. P. 45(f)); *see also Elliot v. Mission Tr. Servs., LLC*, No. 14 C 9625, 2015 WL 1567901, at *2 (N.D. Ill. Apr. 7, 2015). As such, this Court cannot transfer the motion to itself.

In summary, the motion to quash (ECF 1) should have been filed in the Eastern District of Kentucky, where compliance with the subpoena is required, rather than the Northern District of Indiana where Medical Protective is located. Accordingly, the motion to quash (ECF 1) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Entered this 16th day of November 2021.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge

3